IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN MAGEE, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:25-cv-2485-E-BN |
| BSN SPORTS, LLC, | § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION
TO STAY AND SETTING BRIEFING SCHEDULE**

*Pro se* plaintiff Steven Magee filed this lawsuit against Defendant BSN Sports, LLC. *See* Dkt. No. 3. And United States District Judge Ada Brown referred Magee's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

BSN now moves the Court to (1) dismiss the lawsuit under Federal Rule of Civil Procedure 12(b)(6) for reasons including that Magee's claims are barred by res judicata and collateral estoppel, (2) issue a pre-suit injunction against Magee requiring that he seek leave of court before initiating any further actions in this federal judicial district, and (3) stay all deadlines expect to brief BSN's motions, including deadlines as to disclosure and discovery. *See* Dkt. Nos. 11 & 12.

"[N]o federal rule, statute, or binding case law applies to automatically stay discovery pending a ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss; rather, such a stay is the exception rather than the rule." *Mahalingam v. Wells Fargo Bank, N.A.*, 349 F.R.D. 127, 141 (N.D. Tex. 2023) (cleaned up).

But Federal Rule of Civil Procedure 26(c)(1) "states that '[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' This includes the power to stay discovery. Typical situations in which a discovery stay is appropriate include motions that raise issues of jurisdiction, venue, or immunity." *Grammer v. Colo. Hosp. Ass'n Shared Servs., Inc.*, No. 2:14-cv-1701-RFB-VCF, 2015 WL 268780, at *2 (D. Nev. Jan. 21, 2015) (citations omitted).

Add to this list motions that seek to dispose of a lawsuit based on a legal question – such as res judicata – "where discovery would not be useful to [its] resolution." *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (per curiam) ("We have previously held that where discovery would not be useful to the resolution of a pending summary judgment motion presenting a question of law, it is not an abuse of discretion to grant [a motion to stay discovery]. The res judicata effect of a previous judgment is, in fact, a question of law. As we have previously said, it would be wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach a determination on those merits." (cleaned up)); *accord Cramer-Banks v. Educ. Credit Mgmt. Corp.*, No. LA CV23-00031-JAK-GJS, 2023 WL 12148294, at *12 (C.D. Cal. Dec. 20, 2023) ("[W]ith respect to claim-splitting, a stay of discovery is appropriate in order to determine if this matter will proceed or be dismissed due to Plaintiff's claims within [an earlier-filed lawsuit]."); *cf. Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 591 (5th Cir. 2020) ("Dismissal under Rule 12(b)(6) is appropriate if the res judicata

bar is apparent from the pleadings and judicially noticed facts." (cleaned up)).

The Court therefore GRANTS BSN's motion to stay [Dkt. No. 12] and, to be clear, also STAYS its deadline to serve a responsive pleading to the complaint pending the Court's disposition of the motion to dismiss. *See* FED. R. CIV. P. 12(a)(4).

Magee must file a written response to the motion to dismiss and for a pre-suit injunction by **November 17, 2025**. The response must be accompanied by or incorporate a brief, and the response and its brief must not together exceed 30 pages in length, excluding any table of contents and table of authorities.

And BSN may file a reply brief, but no additional documents, by **December 2, 2025**. The reply must not exceed 15 pages in length. No supplemental pleadings, briefs, or evidence or other documents may be filed in connection with the motion or the response thereto without leave of court.

The deadlines set forth in this order will not be modified except upon written motion for good cause shown. Further, the Court strongly discourages any request to extend either of these deadlines through a motion that is filed within three business days of the existing deadline and will grant any such motion only upon a showing in the written motion of extraordinary circumstances.

The Court intends to rule on the motion based on the parties' written submissions, without hearing oral argument. *See* N.D. TEX. L. CIV. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). But the Court, in its discretion or upon the request of any party, may schedule oral argument prior to ruling on this motion. Any party who desires oral argument

must file a written request with the Court by **December 2, 2025**.

If, while the motion is pending, the parties are having serious discussions that might make it unnecessary for the Court to rule on the motion, the parties must immediately advise Shakira Todd, at (214) 753-2165, that such discussions are ongoing.

Any questions concerning the requirements of this order may be directed to Ms. Todd. But attorneys and parties <u>should not</u> contact Ms. Todd or the Court's chambers to ask when a ruling on a motion can be expected. And questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

Please note that deadlines in this order are for filing or delivery and are not mailing dates and that the failure to comply with any part of this order may result in the imposition of sanctions, s*ee* FED. R. CIV. P. 16(f), and may lead to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: October 16, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE