IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN MAGEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-2485-D |
| | § | |
| BSN SPORTS LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER OF RE-REFERENCE

In this action by *pro se* plaintiff Steven Magee ("Magee") against defendant BSN Sports, LLC ("BSN"), BSN filed on October 10, 2025 a Fed. R. Civ. P. 12(b)(6) motion to dismiss based, in pertinent part, on the affirmative defense of res judicata. On May 21, 2026 the magistrate judge filed his findings, conclusions, and recommendation ("FCR"), in which he recommends that this action be dismissed on this basis. Magee objects to the FCR. For the reasons explained below, the court declines to adopt the FCR and re-refers this case to the magistrate judge for further proceedings.[1]

Res judicata requires that the parties are "identical or in privity." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)). Because res judicata is an affirmative defense,

[1]Magee filed on January 24, 2026 a motion for leave to file an amended complaint and on July 29, 2026 a motion for leave to file a reply to defendant's response to plaintiff's notice of supplemental authority. These motions remain pending for decisions by the magistrate judge.

the court can only dismiss Magee's claims on this basis at the Rule 12(b)(6) stage if the "affirmative defense appears clearly on the face of the pleadings." *Rolls-Royce Corp. v. Heros, Inc.*, 576 F.Supp.2d 765, 774 (N.D. Tex. 2008) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)); *see also W. Fork Partners, L.P. v. Chesapeake Expl., L.L.C.*, 2009 WL 2252505, at *5 (N.D. Tex. July 29, 2009) (Fitzwater, C.J.) (explaining that for defendant to prevail on an affirmative defense at Rule 12(b)(6) stage "the plaintiff must normally plead [him]self out of court" (quoting *Funches v. City of Dallas*, 1999 WL 261842, at *2 (N.D. Tex. Apr. 28, 1999) (Fitzwater, J.)).

The magistrate judge's FCR concludes that privity exists between BSN and the three defendants in the prior lawsuit. To reach this conclusion, the FCR appears to rely on allegations pleaded in the prior lawsuit's complaint. Looking to the complaint in this lawsuit, there are scant well-pleaded allegations regarding the relationship between BSN and Varsity Brands Holding Company. *See* 18A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 4460, at 622 (3d. ed. 2017) ("The parent-subsidiary relationship does not of itself establish privity."); *cf. Astron Indus. Assocs., Inc. v. Chrysler Motors Corp.*, 405 F.2d 958, 961 (5th Cir. 1968) (finding privity where wholly-owned subsidiary was operated by an officer of parent and parent's board of directors authorized subsidiary's suit). And there are no allegations regarding the relationship between BSN and Adam Blumenfeld and Gerardo Garcia. Because the res judicata affirmative defense does not appear clearly on the face of Magee's complaint, the court holds that

dismissal on this basis is not proper at the Rule 12(b)(6) stage.[2]

The court expresses no view concerning whether BSN may be able to establish a right to summary judgment based on a res judicata affirmative defense. Such a motion is not confined to the face of Magee's pleadings.

* * *

For the reasons explained, the court declines to adopt the FCR and re-refers this case to the magistrate judge for further proceedings.

**SO ORDERED**.

July 31, 2026

SIDNEY A. FITZWATER
SENIOR JUDGE

---

[2]In his objections, Magee contends that the magistrate judge's privity finding is erroneous, and determining whether the three defendants in the prior lawsuit adequately represented BSN is a fact intensive inquiry. Because Magee is proceeding *pro se*, the court construes this to be Magee's contention that the privity element of res judicata is not established on the face of his pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (explaining that "pro se document is to be liberally construed").